## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

---

| | |
|---|---|
| SHIVA STEIN, | : |
| | : |
| Plaintiff, | : Case No. _____ |
| | : |
| v. | : |
| | : **COMPLAINT FOR VIOLATIONS OF** |
| BIOSPECIFICS TECHNOLOGIES CORP., | : **SECTIONS 14(e), 14(d) AND 20(a) OF** |
| JENNIFER CHAO, MICHAEL | : **THE SECURITIES EXCHANGE ACT** |
| SCHAMROTH, PAUL GITMAN, MARK | : **OF 1934** |
| WEGMAN, TOBY WEGMAN, JOSEPH | : |
| TRUITT, MIKE SHERMAN, and COREY | : **JURY TRIAL DEMANDED** |
| FISHMAN, | : |
| | : |
| Defendants. | : |

---

Shiva Stein ("Plaintiff"), by and through her attorneys, alleges the following upon information and belief, including investigation of counsel and review of publicly-available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

1. This is an action brought by Plaintiff against BioSpecifics Technologies Corp. ("BioSpecifics or the "Company") and the members of BioSpecifics' board of directors (the "Board" or the "Individual Defendants," and collectively with the Company, the "Defendants") for their violations of Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), in connection with the proposed acquisition of BioSpecifics by affiliates of Endo International plc, a public limited company incorporated under the laws of Ireland ("Endo").

2. Defendants have violated the above-referenced sections of the Exchange Act by causing a materially incomplete and misleading Solicitation Statement on Schedule 14D-9 (the "Solicitation Statement") to be filed on November 2, 2020 with the United States Securities and

Exchange Commission ("SEC") and disseminated to the Company's stockholders. The Solicitation Statement recommends that Company stockholders tender their shares in support of a proposed transaction whereby Beta Acquisition Corp. ("Merger Sub"), a wholly-owned subsidiary of Endo, will merge with BioSpecifics, with BioSpecifics continuing as the surviving corporation and a wholly-owned subsidiary of Endo (the "Proposed Transaction"). Pursuant to the terms of the definitive agreement and plan of merger the companies entered into, dated October 19, 2020 (the "Merger Agreement"), each BioSpecifics' common share issued and outstanding will be converted into the right to receive $88.50 per share in cash (the "Merger Consideration"). In accordance with the Merger Agreement, Merger Sub commenced a tender offer (the "Tender Offer") to acquire all of BioSpecifics' outstanding common stock and will expire on December 1, 2020.

3. Defendants have now asked BioSpecifics' stockholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and information contained in the Solicitation Statement, in violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act. Specifically, the Solicitation Statement contains materially incomplete and misleading information concerning, among other things: (i) BioSpecifics' financial projections relied upon by the Company's financial advisor, Centerview Partners LLC ("Centerview") in its financial analyses; and (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by the Company's financial advisor. The failure to adequately disclose such material information constitutes a violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act as BioSpecifics' stockholders need such information in order to tender their shares in support of the Proposed Transaction.

4. It is imperative that the material information that has been omitted from the Solicitation Statement is disclosed to the Company's stockholders prior to the expiration of the Tender Offer.

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to BioSpecifics' stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(e), 14(d), and 20(a) of the Exchange Act and SEC Rule 14a-9.

7. Personal jurisdiction exists over each Defendant either because each is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over defendant by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because Defendant BioSpecifics is incorporated in this District.

## PARTIES

9. Plaintiff is, and has been at all relevant times, the owner of BioSpecifics common stock and has held such stock since prior to the wrongs complained of herein.

10. Individual Defendant Jennifer Chao has served as a member of the Board since 2015 and is the Chair of the Board.

3

11. Individual Defendant Michael Schamroth has served as a member of the Board since 2004.

12. Individual Defendant Paul Gitman has served as a member of the Board and since 1990.

13. Individual Defendant Mark Wegman has served as a member of the Board and since 2007.

14. Individual Defendant Toby Wegman has served as a member of the Board and since 2007.

15. Individual Defendant Joseph Truitt has served as a member of the Board and since 2020 and is also the Company's Chief Executive Officer.

16. Individual Defendant Mike Sherman has served as a member of the Board and since 2020.

17. Individual Defendant Corey Fishman has served as a member of the Board and since 2020.

18. Defendant BioSpecifics is incorporated in Delaware and maintains its principal offices at 2 Righter Parkway, Delaware Corporate Center II, Wilmington, Delaware 19803. The Company's common stock trades on the NASDAQ Exchange under the symbol "BSTC."

19. The defendants identified in paragraphs 10-17 are collectively referred to as the "Individual Defendants" or the "Board."

20. The defendants identified in paragraphs 10-18 are collectively referred to as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

### A.  The Proposed Transaction

21.  BioSpecifics, a biopharmaceutical company, develops an injectable collagenase clostridium histolyticum for various indications in the United States and internationally. The Company offers injectable collagenase for the treatment of Dupuytren's contracture and Peyronie's disease under the XIAFLEX and Xiapex brands. It also provides injectable collagenase to treat frozen shoulder, cellulite, canine lipoma, lateral hip fat, plantar fibromatosis, human lipoma, and uterine fibroids. The Company has a development and license agreement with Endo Global Ventures. BioSpecifics was founded in 1957 and is headquartered in Wilmington, Delaware.

22.  On October 19, 2020, the Company announced the Proposed Transaction:

> WILMINGTON, Del., Oct. 19, 2020 /PRNewswire/ -- BioSpecifics Technologies Corp. (NASDAQ: BSTC) announced today that it has entered into a definitive merger agreement under which Endo International plc (NASDAQ: ENDP) will acquire BioSpecifics for an estimated equity value of approximately $658.0 million ($540.0 million in enterprise value net of cash on hand), or $88.50 per share in cash. The transaction was unanimously approved by both BioSpecifics' and Endo's Boards of Directors and is anticipated to close during the fourth quarter of 2020.
>
> "BioSpecifics Technologies Corp. pioneered the development of collagenase-based therapies, which has resulted in a robust injectable collagenase (CCH) portfolio, consisting of XIAFLEX® to treat the vast number of diseases and medical conditions caused by the excess accumulation of collagen and Qwo™ for the treatment of cellulite," said Joseph Truitt, Chief Executive Officer of BioSpecifics.
>
> "Today's announcement marks a great outcome for all BioSpecifics stakeholders, and is the result of the Company's successful value creation strategy executed by the management team and the Board of Directors. The Company has worked tremendously hard to deliver this excellent result and is grateful for the abiding support of its employees, partners and shareholders," said Jennifer Chao, Chairman of the Board of Directors.
>
> **Terms of the Agreement**
>
> Under the terms of the merger agreement, Endo, through a wholly-owned subsidiary, will commence an all-cash tender offer for all outstanding shares of

BioSpecifics common stock at a price of $88.50 per share. The closing of the tender offer will be subject to a number of conditions, including that a majority of BioSpecifics' shares are tendered in the tender offer, the expiration of the waiting period under antitrust laws and other customary closing conditions.
Promptly following the completion of the tender offer, Endo's acquisition subsidiary will be merged into BioSpecifics, with any remaining shares of BioSpecifics common stock to be canceled and converted into the right to receive consideration of $88.50. The merger agreement includes a remedy of specific performance and is not subject to a financing condition.

**Advisors**

Centerview Partners LLC acted as the exclusive financial advisor to BioSpecifics and Morgan, Lewis & Bockius LLP is serving as legal counsel.

\* \* \*

23.     It is therefore imperative that BioSpecifics' stockholders are provided with the material information that has been omitted from the Solicitation Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests.

**B.     The Materially Incomplete and Misleading Solicitation Statement**

24.     On November 2, 2020, BioSpecifics filed the Solicitation Statement with the SEC in connection with the Proposed Transaction.  The Solicitation Statement was furnished to the Company's stockholders and solicits the stockholders to tender their shares in support of the Proposed Transaction.  The Individual Defendants were obligated to carefully review the Solicitation Statement before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions. However, the Solicitation Statement misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to tender their shares, in violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act.

25.     The Solicitation Statement omits material information regarding the Company's financial projections and the valuation analyses performed by Centerview, the disclosure of which

is material because it provides stockholders with a basis to project the future financial performance of the target company, and allows stockholders to better understand the analyses performed by the financial advisor in support of its fairness opinion of the transaction.

*Omissions and/or Material Misrepresentations Concerning BioSpecifics Financial Projections*

26.     The Solicitation Statement fails to provide material information concerning financial projections by BioSpecifics management and relied upon by the financial advisor in its analyses. The Solicitation Statement discloses management-prepared financial projections for the Company which are materially misleading. The Solicitation Statement indicates that in connection with the rendering of its fairness opinion, that the Company prepared certain non-public financial forecasts (the "Projections") and provided them to the Board and the financial advisor with forming a view about the stand-alone valuation of the Company.  Accordingly, the Solicitation Statement should have, but fails to provide, certain information in the projections that BioSpecifics management provided to the Board and the financial advisors. Courts have uniformly stated that "projections … are probably among the most highly-prized disclosures by investors. Investors can come up with their own estimates of discount rates or [] market multiples. What they cannot hope to do is replicate management's inside view of the company's prospects." *In re Netsmart Techs., Inc. S'holders Litig.*, 924 A.2d 171, 201-203 (Del. Ch. 2007).

27.     For the Projections prepared by Company management for BioSpecifics for fiscal years 2021 through 2028, the Solicitation Statement provides the value for non-GAAP (Generally Accepted Accounting Principles) financial metric EBIT, but fails to disclose: (i) the line items used to calculate the non-GAAP measure or (ii) a reconciliation of the non-GAAP metric to its most comparable GAAP measure, in direct violation of Regulation G.

28. When a company discloses non-GAAP financial measures in a solicitation statement that were relied on by a board of directors to recommend that stockholders exercise their corporate suffrage rights in a particular manner, the company must, pursuant to SEC regulatory mandates, also disclose all projections and information necessary to make the non-GAAP measures not misleading, and must provide a reconciliation (by schedule or other clearly understandable method) of the differences between the non-GAAP financial measure disclosed or released with the most comparable financial measure or measures calculated and presented in accordance with GAAP. 17 C.F.R. § 244.100.

29. The SEC has noted that:

> companies should be aware that this measure does not have a uniform definition and its title does not describe how it is calculated. Accordingly, a clear description of how this measure is calculated, as well as the necessary reconciliation, should accompany the measure where it is used. Companies should also avoid inappropriate or potentially misleading inferences about its usefulness. For example, "free cash flow" should not be used in a manner that inappropriately implies that the measure represents the residual cash flow available for discretionary expenditures, since many companies have mandatory debt service requirements or other non-discretionary expenditures that are not deducted from the measure.[1]

30. Thus, to cure the Solicitation Statement and the materially misleading nature of the forecasts under SEC Rule 14a-9 as a result of the omitted information in the Solicitation Statement, Defendants must provide a reconciliation table of the non-GAAP measure to the most comparable GAAP measure to make the non-GAAP metric included in the Solicitation Statement not misleading.

---

[1] U.S. Securities and Exchange Commission, Non-GAAP Financial Measures, last updated April 4, 2018, available at: https://www.sec.gov/divisions/corpfin/guidance/nongaapinterp.htm.

31. Further, the Solicitation Statement states that the Projections "reflect a risk-adjusted outlook, based on certain internal assumptions about the probability of technical success and regulatory approvals and commercialization of XIAFLEX® for additional indications and other relevant factors related to the Company's long-range operating plan, including a favorable outcome of the pending litigation on royalty obligations, a successful launch of Qwo™ and an expansion of the indications for XIAFLEX® that are commercialized and generate revenue for the Company.  The Management Projections also reflect royalty payment revenue that is payable for a finite term under the License Agreement." Solicitation Statement at 23.  However, the Solicitation Statement fails to disclose the risk-adjustments, the certain internal assumptions, and the royalty payment revenue payable under the License Agreement with Endo.

*Omissions and/or Material Misrepresentations Concerning Centerview's Financial Analyses*

32. With respect to Centerview's *Selected Public Company Analysis*, the Solicitation Statement fails to disclose Centerview's basis for selecting a reference range of 2021 EV/ Revenue Multiples of 7.0x to 10.0x.

33. With respect to Centerview's *Discounted Cash Flow Analysis*, the Solicitation Statement fails to disclose: (i) the basis for applying the range of discount rates from 7.5% to 9.5%; (ii) the implied terminal value of the Company; and (iii) the number of fully diluted outstanding shares of the Company as of October 15, 2020.

34. In sum, the omission of the above-referenced information renders statements in the Solicitation Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff will be unable to make a fully-informed decision regarding whether to tender her shares, and she is thus threatened with irreparable harm, warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**On Behalf of Plaintiff Against All Defendants for
Violations of Section 14(e) of the Exchange Act**

35. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

36. Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . ." 15 U.S.C. § 78n(e).

37. Defendants violated Section 14(e) of the Exchange Act by issuing the Solicitation Statement in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, in conjunction with the Tender Offer. Defendants knew or recklessly disregarded that the Solicitation Statement failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

38. The Solicitation Statement was prepared, reviewed and/or disseminated by Defendants. It misrepresented and/or omitted material facts, including material information about the consideration offered to stockholders via the Tender Offer, the intrinsic value of the Company, the Company's financial projections, and the financial advisors' valuation analyses and resultant fairness opinion.

39. In so doing, Defendants made untrue statements of material fact and omitted material information necessary to make the statements that were made not misleading in violation

of Section 14(e) of the Exchange Act.  By virtue of their positions within the Company and/or roles in the process and in the preparation of the Solicitation Statement, Defendants were aware of this information and their obligation to disclose this information in the Solicitation Statement.

40. The omissions and misleading statements in the Solicitation Statement are material in that a reasonable stockholder would consider them important in deciding whether to tender their shares or seek other remedies.  In addition, a reasonable investor would view the information identified above which has been omitted from the Solicitation Statement as altering the "total mix" of information made available to stockholders.

41. Defendants knowingly, or with deliberate recklessness, omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading.  Indeed, while Defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Tender Offer, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

42. The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff, and Plaintiff will be deprived of her entitlement to make a fully informed decision if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

## COUNT II
### Violations of Section 14(d)(4) of the Exchange Act and Rule 14d-9 Promulgated Thereunder
**(Against All Defendants)**

43. Plaintiff repeats and re-alleges each allegation set forth above as if fully set forth herein.

44. Defendants have caused the Solicitation Statement to be issued with the intention of soliciting stockholder support of the Tender Offer.

45. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

46. The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which render the Solicitation Statement false and/or misleading.

47. Defendants knowingly, or with deliberate recklessness, omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while Defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Tender Offer, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

48. The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff and Plaintiff will be deprived of her entitlement to make a fully informed decision if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

## COUNT III

**On Behalf of Plaintiff Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

49. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

50. The Individual Defendants acted as controlling persons of BioSpecifics within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as directors of BioSpecifics, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did

influence and control, directly or indirectly, the decision making of BioSpecifics, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

51. Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

52. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of BioSpecifics, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Solicitation Statement at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction. The Individual Defendants were thus directly involved in the making of the Solicitation Statement.

53. In addition, as the Solicitation Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Solicitation Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

54. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

55. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(d) and (e), by their

acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

56. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in her favor and against the Defendants jointly and severally, as follows:

A. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Solicitation Statement;

B. Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

C. Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

D. Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

E. Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

| | |
|---|---|
| Dated: November 2, 2020 | **RIGRODSKY & LONG, P.A.** |
| | By: */s/ Gina M. Serra* |
| **OF COUNSEL:** | Brian D. Long (#4347) |
| | Gina M. Serra (#5387) |
| **WOLF HALDENSTEIN ADLER** | 300 Delaware Avenue, Suite 210 |
| **FREEMAN & HERZ LLP** | Wilmington, DE 19801 |
| Gloria Kui Melwani | Telephone: (302) 295-5310 |
| 270 Madison Avenue | Facsimile: (302) 654-7530 |
| New York, NY 10016 | Email: bdl@rl-legal.com |
| Telephone: (212) 545-4600 | Email: gms@rl-legal.com |
| Facsimile: (212) 686-0114 | |
| Email: melwani@whafh.com | *Attorneys for Plaintiff* |